UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADO ARMAS,<br><br>          Petitioner,<br><br>  v.<br><br>PEOPLE OF CALIFORNIA,<br><br>          Respondent. | 1:11-cv—00772-SKO-HC<br><br>ORDER DIRECTING PETITIONER TO SHOW CAUSE IN WRITING WITHIN TWENTY-ONE (21) DAYS WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO FILE A MOTION TO AMEND THE PETITION AND TO FOLLOW AN ORDER OF THE COURT (DOC. 4)<br><br>**DEADLINE:  TWENTY-ONE (21) DAYS** |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's petition, which was filed in this Court on May 13, 2011.

    On May 17, 2011, the Court issued an initial screening order with respect to the petition in which the Court noted that Petitioner had not named the proper respondent and granted Petitioner leave to file a motion to amend the petition and name a proper respondent no later than thirty (30) days after the date of service of the order.  The order warned Petitioner that a

1

failure to move to amend the petition and state a proper respondent would result in a recommendation that the petition be dismissed for lack of jurisdiction. The order was served by mail on Petitioner on May 17, 2011.

To date, over thirty days have passed, but Petitioner has neither filed a motion to amend the petition nor timely sought an extension of time in which to file a motion to amend the petition.

A failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b), 11; Local Rule 110; Chambers v. NASCO, Inc., 501 U.S. 31, 42-43 (1991).

Accordingly, it is ORDERED that:

1. No later than twenty-one (21) days after the date of service of this order, Petitioner shall show cause why this action should not be dismissed for failure to obey the Court's order of May 17, 2011; Petitioner shall show cause in writing because the Court has determined that no hearing is necessary; and

2. The failure to respond to this order will result in dismissal of the action.

IT IS SO ORDERED.

**Dated:   June 24, 2011**              /s/ Sheila K. Oberto
                              UNITED STATES MAGISTRATE JUDGE