1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADO ARMAS, | 1:11-cv-00772-LJO-SKO-HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR FAILURE TO PROSECUTE AND FOLLOW A COURT ORDER (Docs. 1, 3, 4, 6) |
| v. | |
| PEOPLE OF CALIFORNIA, | FINDINGS AND RECOMMENDATIONS TO DECLINE TO ISSUE A |
| Respondent. | CERTIFICATE OF APPEALABILITY AND TO DIRECT THE CLERK TO CLOSE THE CASE |

     Petitioner is a state prisoner proceeding pro se and in
forma pauperis with a petition for writ of habeas corpus pursuant
to 28 U.S.C. § 2254.  The matter has been referred to the
Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules
302 and 304.  Pending before the Court is Petitioner's petition,
which was filed in this Court on May 13, 2011.

     I.  Failure to Prosecute and Follow an Order of the Court

     On May 17, 2011, the Court found that Petitioner had failed
to name a proper respondent, granted leave to Petitioner to file
an amendment to the petition to name a proper respondent within
thirty (30) days of service, and informed Petitioner that the
failure to amend the petition to name a proper respondent would

1

result in dismissal of the petition for lack of jurisdiction.

The order was served by mail on Petitioner on May 17, 2011. Over thirty days have passed since the service of the Court's order, but Petitioner has not filed an amendment of the petition to name a proper respondent or timely sought an extension of time in which to do so.

Further, on June 27, 2011, the Court issued an order to Petitioner to show cause within twenty-one days why the action should not be dismissed for Petitioner's failure to file a motion to amend the petition to name a proper respondent.  The order to show cause was served by mail on Petitioner on the same date. Over twenty-one days have passed since the service of the order, but Petitioner did not respond to the order to show cause.

Local Rule 110 provides that "...failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions... within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41

1   (9th Cir. 1988) (dismissal for failure to comply with local rule

2   requiring pro se plaintiffs to keep court apprised of address);

3   Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

4   (dismissal for failure to comply with court order); Henderson v.

5   Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

6   of prosecution and failure to comply with local rules).

7       In determining whether to dismiss an action for lack of

8   prosecution, failure to obey a court order, or failure to comply

9   with local rules, the court must consider several factors: (1)

10  the public's interest in expeditious resolution of litigation;

11  (2) the court's need to manage its docket; (3) the risk of

12  prejudice to the defendants; (4) the public policy favoring

13  disposition of cases on their merits; and (5) the availability of

14  less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson,

15  779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at

16  1260-61; Ghazali, 46 F.3d at 53.

17      In this case, the Court finds that the public's interest in

18  expeditiously resolving this litigation and the Court's interest

19  in managing the docket weigh in favor of dismissal, as the case

20  has been pending since May 2011.  The third factor, risk of

21  prejudice to respondents, also weighs in favor of dismissal,

22  since a presumption of injury arises from the occurrence of

23  unreasonable delay in prosecuting an action.  Anderson v. Air

24  West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor --

25  public policy favoring disposition of cases on their merits -- is

26  greatly outweighed by the factors in favor of dismissal discussed

27  herein.  Finally, a court's warning to a party that his failure

28  to obey the court's order will result in dismissal satisfies the

3

1 "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>,

2 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at

3 1424.  The Court's order directing Petitioner to file an

4 amendment expressly informed Petitioner that a failure to amend

5 the petition and name a proper respondent would result in

6 dismissal of the petition for lack of jurisdiction.  (Doc. 4,

7 4:2-4.)  Thus, Petitioner received adequate warning that

8 dismissal would result from his noncompliance with the Court's

9 order.

10     In summary, consideration of the pertinent factors results

11 in a conclusion that the petition should be dismissed for

12 Petitioner's failure to prosecute the action and to follow an

13 order of the Court.

14     II.  <u>Certificate of Appealability</u>

15     Unless a circuit justice or judge issues a certificate of

16 appealability, an appeal may not be taken to the Court of Appeals

17 from the final order in a habeas proceeding in which the

18 detention complained of arises out of process issued by a state

19 court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

20 U.S. 322, 336 (2003).

21     A certificate of appealability may issue only if the

22 applicant makes a substantial showing of the denial of a

23 constitutional right.  § 2253(c)(2).  Under this standard, a

24 petitioner must show that reasonable jurists could debate whether

25 the petition should have been resolved in a different manner or

26 that the issues presented were adequate to deserve encouragement

27 to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

28 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

1   certificate should issue if the Petitioner shows that jurists of
2   reason would find it debatable whether the petition states a
3   valid claim of the denial of a constitutional right and that
4   jurists of reason would find it debatable whether the district
5   court was correct in any procedural ruling.  Slack v. McDaniel,
6   529 U.S. 473, 483-84 (2000).

7       In determining this issue, a court conducts an overview of
8   the claims in the habeas petition, generally assesses their
9   merits, and determines whether the resolution was debatable among
10  jurists of reason.  Id.  It is necessary for an applicant to show
11  more than an absence of frivolity or the existence of mere good
12  faith; however, it is not necessary for an applicant to show that
13  the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

14      A district court must issue or deny a certificate of
15  appealability when it enters a final order adverse to the
16  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

17      Here, it does not appear that reasonable jurists could
18  debate whether the petition should have been resolved in a
19  different manner.  Petitioner has not made a substantial showing
20  of the denial of a constitutional right.

21      Accordingly, it will be recommended that the Court decline
22  to issue a certificate of appealability.

23      III.  Recommendations

24      Accordingly, it is RECOMMENDED that:

25      1)  The petition be DISMISSED pursuant to Local Rule 110 for
26  Petitioner's failure to comply with the Court's order and to
27  prosecute this action; and

28      2) The Court DECLINE to issue a certificate of

appealability; and

     3)  The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **July 29, 2011**             **/s/ Sheila K. Oberto**
                                     UNITED STATES MAGISTRATE JUDGE