UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADO ARMAS,<br><br>    Petitioner,<br><br>  v.<br><br>PEOPLE OF CALIFORNIA,<br><br>    Respondent. | 1:11-cv—00772-SKO-HC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS (DOC. 9)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 6)<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION TO NAME A PROPER RESPONDENT NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's petition, which was filed in this Court on May 13, 2011.

    I.  <u>Discharge of the Order to Show Cause and Vacating the Findings and Recommendations</u>

On May 17, 2011, the Court issued an initial screening order with respect to the petition in which the Court noted that Petitioner had not named the proper respondent and granted

1

Petitioner leave to file a motion to amend the petition to name a proper respondent no later than thirty (30) days after the date of service of the order.  The order warned Petitioner that a failure to move to amend the petition and state a proper respondent would result in a recommendation that the petition be dismissed for lack of jurisdiction.  The order was served by mail on Petitioner on May 17, 2011.

On June 27, 2011, the Court issued an order to Petitioner to show cause within twenty-one days why the action should not be dismissed for Petitioner's failure to file a motion to amend the petition to name a proper respondent.  The order to show cause was served by mail on Petitioner on the same date.  When Petitioner did not respond to the order to show cause, on July 29, 2011, the Court issued findings and recommendations to dismiss the case for Petitioner's failure to prosecute the action.  The findings and recommendations were served on Petitioner.

Petitioner filed objections to the findings and recommendations on August 30, 2011.  The docket reflects that Petitioner filed notices of change of address after the orders mentioned above were served on Petitioner.  It appears that Petitioner may have failed to receive the copies of the orders that were served by mail upon Petitioner.  Petitioner seeks to continue to prosecute his petition.

Accordingly, the findings and recommendations that issued on July 29, 2011, are VACATED.

Further, the order to show cause that issued on June 27, 2011, is DISCHARGED.

II. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

III. <u>Petitioner's Failure to Name a Proper Respondent</u>

In this case, Petitioner challenges the sufficiency of the evidence in connection with his conviction in 2009 of criminal offenses in the Superior Court of the State of California, County of Merced. Petitioner named the People of California as Respondent. Although it is unclear, Petitioner may have also named the Attorney General of the State of California. (Pet. 1.)

At the time the petition was filed, it was not clear in what institution Petitioner was incarcerated. Petitioner named as his

3

1  place of confinement the Merced Superior Court.  (Pet. 1.)
2  Petitioner's address as listed on the docket included a prisoner
3  number.  Petitioner did not name his custodial institution.
4  However, in his objections to the vacated findings and
5  recommendations, Petitioner stated that he is on parole and is
6  connected to a parole outpatient clinic in Madera, California.
7  Petitioner listed a Madera location as his address.
8       A petitioner seeking habeas corpus relief under 28 U.S.C.
9  § 2254 must name the state officer having custody of him as the
10 respondent to the petition.  Habeas Rule 2(a); Ortiz-Sandoval v.
11 Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California
12 Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Generally, the
13 person having custody of an incarcerated petitioner is the warden
14 of the prison in which the petitioner is incarcerated because the
15 warden has "day-to-day control over" the petitioner and thus can
16 produce the petitioner.  Brittingham v. United States, 982 F.2d
17 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme
18 Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief
19 officer in charge of state penal institutions is also
20 appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.
21 Where a petitioner is on probation or parole, the proper
22 respondent is his probation or parole officer, the official in
23 charge of the parole or probation agency, or the person in charge
24 of the state correctional agency.  Id.
25     The Court takes judicial notice of the frequent practice, in
26 cases such as Petitioner's case, of naming as respondent the head
27 of the correctional system in California, namely, the Secretary
28 of the California Department of Corrections and Rehabilitation

4

(CDCR).[1]  As of July 1, 2005, Cal. Pen. Code § 5050 abolished the office of the Director of Corrections and provided that any reference to the Director of Corrections in any code refers to the Secretary of the CDCR.

The Court therefore concludes that Matthew Cate, Secretary of the CDCR, is an appropriate respondent in this action.

IV. <u>Granting Leave to File a Motion to Amend the Petition</u>

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360.

However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent.  In the interest of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the petition and name a proper respondent.  Failure to amend the

///
///
///

---

[1]  The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993).  The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).

5

petition and state a proper respondent will result in dismissal of the petition for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:   September 8, 2011**                            /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE