UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADO ARMAS, | ) 1:11-cv—00772-LJO-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISREGARDING PROPOSED |
| | ) SUBSTITUTION OF ATTORNEYS |
| v. | ) (DOC. 16) |
| | ) |
| MATTHEW CATE, SECRETARY OF THE | ) |
| CALIFORNIA DEPARTMENT OF | ) |
| CORRECTIONS AND | ) |
| REHABILITATION, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is a proposed substitution of counsel, filed on January 12, 2012, wherein attorney Roger T. Nuttall of Nuttal Coleman & Wilson seeks to become attorney of record for Petitioner in this proceeding.

Local Rule 182(a) and (g) require a substitution of attorneys be filed and served on all parties. Local Rule 182(g) requires that a substitution of attorneys be signed by the

1

client.

Local Rule 101 provides as follows:

> "Signature" refers to either a handwritten signature on a paper document or an electronic signature. A signature on a document submitted to the clerk on portable electronic media shall appear either as a facsimile of the original in a scanned document, or on a separate, scanned signature page if the document was published to .pdf. See, L.R. 131.

Local Rule 131(b) provides generally that all pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona, and affidavits and certifications shall be signed by the person executing the document. It further provides:

> If a document is submitted to the Clerk via portable electronic media, signatures shall appear either as a facsimile of the original (in a scanned document placed on portable electronic media), or on a separate, scanned signature page if the document was published to .pdf and then placed on portable electronic media. In the latter situation, the docket shall reflect the submission of the signature page.

Local Rule 131(c) states that a document filed using an attorney's name, login, and password will be deemed to have been signed by that attorney. However, with respect to electronic signatures of non-attorneys, Local Rule 131(f) provides as follows:

> Documents that are required to be signed by a person who is not the attorney of record in a particular action (verified pleadings, affidavits, papers authorized to be filed electronically by persons in pro per, etc.), may be submitted in electronic format bearing a "/s/" and the person's name on the signature line along with a statement that counsel has a signed original, e.g., "/s/ John Doe (original signature retained by attorney Mary Roe)." It is counsel's duty to maintain this original signature for one year after the exhaustion of all appeals. This procedure may also be followed when a hybrid electronic/paper document is filed, i.e.,

        the conventionally served document may also contain an annotated signature in lieu of the original.

Because the proposed substitution of attorneys filed on behalf of Petitioner does not contain a signature of the client that is in compliance with the Local Rules, it is hereby DISREGARDED.

IT IS SO ORDERED.

Dated:     **January 12, 2012**                      **/s/ Sheila K. Oberto**
                                               UNITED STATES MAGISTRATE JUDGE